*(Supreme Court, General Term, Third Department. June 1, 1892.)*

Action by the people against the Fitchburgh Railroad Company.

No opinion. Order on *remittitur* making the judgment of the court of appeals the judgment of this court. See 15 N. Y. Supp. 644, *mem;* 18 N. Y. Supp. 269; 29 N. E. Rep. 959.

---

STATE OF NEW YORK NAT. BANK *v.* COYKENDALL.

DUTCHESS COUNTY MUT. INS. CO. *v.* VAN HAVOMEN.

*(Supreme Court, General Term, Third Department. June 1, 1892.)*

Action by the State of New York National Bank against Samuel Coykendall, and by the Dutchess County Mutual Insurance Company against Frederick G. Van Havomen.

No opinion. Order on *remittitur* in each case making judgment of court of appeals the judgment of this court.

---

TOOMEY *v.* BAUMIS.

*(Supreme Court, General Term, Third Department. June 1, 1892.)*

Action by Mary Toomey against Stephen Baumis, administrator, etc.

No opinion. Appeal dismissed, with costs.

---

GLENSIDE WOOLEN MILLS *v.* HANNAN *et al.*

*(Supreme Court, General Term, Fourth Department. February 10, 1892.)*

Action by the Glenside Woolen Mills against Edward Hannan, as superintendent of public works, and others. Plaintiff moves, under section 605 of the Code, for a temporary injunction order restraining the defendants from "closing the gates in the dam at the foot of Skaneateles lake or in any manner whatever to prevent the ordinary and natural flow of water from the said Skaneateles lake through the outlet thereof." Denied.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*George Barrow,* for plaintiff. *Charles H. Peck* and *John D. McMahon,* for defendants.

PER CURIAM. The theory of the plaintiff seems to be that the state, under its appropriation in 1843 of the waters of the Skaneateles lake, and the outlet of the same, to the use of the public for a reservoir and feeder to the Erie canal, possesses no right to make or have a reservoir, and store the water for use in a dry season, and that, therefore, it has no right, by shutting the gates in the dam at the foot of the lake, to hold back the water and prevent, for the time being, its flowage, in its ordinary quantity, past the premises of the plaintiff. The papers before us show that the main object of the appropriation was to obtain and maintain a reservoir where water might be stored in sufficient quantity during the winter and wet season to supply the necessities of the canal during the dry season, and that for that purpose a dam has been maintained by the state at the foot of the lake ever since the time of the appropriation. During all this time the gates in the dam have been managed by the officers or employes of the state, and the flow of water regulated as the necessities of the canal might require. The defendants claim, and their affidavits show, that the necessities of the canal now require the reservoir to be filled, which can only be done by closing the gates. They do not propose to divert the water from the reservoir, but to gather it there for future use, according to the object of the original appropriation. The plaintiff claims that, as a riparian owner on the outlet of the lake, it has the

right to have the water flow in its natural and ordinary manner, without any stoppage or damming up by the state. This right, however, is fully denied by the defendants, and the practice of the state for 40 years and upwards, as well as the design of the appropriation, seems to be quite inconsistent with the present claim of the plaintiff. If the state has the right to fill its reservoir, we cannot here very well consider whether the officers of the state have or have not chosen an opportune time to exercise their right. It is not alleged in the complaint that the defendants are acting in bad faith.

We think the motion must be denied.